Clarissa Markham (by her next friend), complainant, *vs.* W. W. Markham *et al.*, defendants.

CLARISSA MARKHAM (by her next friend), complainant, *vs.* W. W. MARKHAM *et al.*, defendants.

The wife may, without express authority given by Statute, sue her husband in equity, in respect to her separate property. In this State, by the provision of the Revised Statutes of 1846, Chapter 85, Section 26, she may sue at law, as well as in Chancery.

There is no Statute, or rule of Court, in this State, requiring the appointment of next friend to be made by the Court. Such appointment is sufficient, if made in writing by the complainant, accompanied by the written consent of the next friend, and the appointment and consent annexed to the bill of complaint.

Appeal from the Circuit Court for the County of Branch, in Chancery.

*Goodwins & Fuller*, for complainant.

*Coe & Parkhurst*, for defendants.

The case is fully stated in the opinion of the Court.

By the Court, GREEN, J.

In this suit the complainant, being the wife of the defendant, Markham, seeks to recover the sum of $530.50, and interest thereon, for her separate use.

The bill sets forth that in May, 1849, she was applied to by Markham & Brown (the defendants), a mercantile firm doing business in the City of Detroit, as equal partners, for the loan of $530.50, which belonged to her in her own right, and was in no way derived from her husband, and that upon the assurance of both the defendants that the sum should be repaid to her with interest in thirty days, or as soon thereafter as she might desire it, she consented to, and did loan

the said money to them, to be used in their partnership business; and that, thereupon, a note was made by the defendant, William W. Markham, for that sum, payable to the order of Markham & Brown in thirty days, with interest, and endorsed by the defendants, in their firm name, and delivered to the complainant as evidence of the said loan. That the money was used in the partnership business, and not for the separate use of either of the defendants. That after the money became due and payable, both of said defendants, jointly and separately, assured, and promised her that the money should be repaid to her; but that, although afterwards she requested payment thereof, the defendants, and each of them, wholly neglected to pay the same, and that the said money, with the interest thereon, still remains due and unpaid.

The defendant, Brown, demurred to the complainant's bill for want of equity, and also, because the complainant has a full and adequate remedy at law, and also, because Webb, her next friend, was not appointed by competent authority.

The bill shows a clear equitable right in the complainant to recover the money in question for her separate use. A Court of Chancery, for many purposes, treats the husband and wife as distinct persons, capable (in a limited sense) of contracting with each other, and of having separate estates, debts and interests. (2 *Story's Eq. Jur.*, § 1368; *Arundel* vs. *Phipps*, 10 *Ves. Jur.*, 144, 149; *Livingston* vs. *Livingston*, 2 *J. Ch. R.*, 537.) The Statute of 1846 secures to a married woman all her real and personal estate, to the same extent as if she were unmarried, free from all liabilty for her husband's debts or engagements, and subject only to the restriction that she shall not, during her coverture, give, grant or sell the same without the consent of her husband, except by order of the Judge of Probate, or the Court of the proper County. (*R. S. of* 1846, *Ch.* 85, *Sec.* 25.) The same statute (*Section* 26)

provides, that the Circuit Court for the County where the parties or either of them reside, shall have concurrent jurisdiction with the Court of Chancery in all cases arising under the provision of .Section 25, and that the wife may institute proceedings to enforce the said provisions in her own name, or otherwise.

Without the aid of a statute, a wife may sue her husband in equity, in respect to her separate property (*Cannel* vs. *Buchke*, 2 *P. Wms.*, 243), and by virtue of the statute she may sue in the Circuit Court for the proper County, or in a Court of Chancery.

There is no force in the objection, that a next friend to prosecute for the complainant, was not appointed by the Court. We have no statute or rule of Court requiring it. In this case the complainant appointed Webb to be her next friend, by a writing signed by her, and annexed to the bill, and he annexed thereto his written consent, signed 'by him to act as such.

In the case of Lawrence *vs.* Lawrence (3 *Paige*, 267), the Chancellor laid down the rule, that if the next friend of a *feme covert* complainant be irresponsible or insolvent, all proceedings will be stayed until security for costs is given, or a responsible person substituted in his place ; and if such security is not given, or substitution made within a reasonable time, the bill will be dismissed. (1 *Barb. Ch. Pr.*, 104.)

The bill having been dismissed in the Court below, the decree made there must be reversed, and the demurrer of the defendant Brown overruled, and he must be required to answer the complainant's bill in twenty days after service of a copy of the decree of this Court herein, and serve a copy of such answer upon the complainant's solicitors.

Present, GREEN, COPELAND, PRATT, WING, JOHNSON and DOUGLASS, J. J.

BACON and MARTIN, J. J., did not sit in this case.