## SABINA LAPWORTH v. THOMAS A. LEACH.

*Parent and child—Liability for support—Statute of limitations.*

1. No promise on the part of the father to pay the mother for anything she may do in the discharge of her moral duties to their offspring can be implied.

2. The mother is as much morally bound to care for, support, nourish, and educate her child as the father, and the law will not allow her to recover for so doing simply because the father omits his duty.

3. A wife, who is deserted by her husband before the birth of a child, cannot recover of the father for its support, care, or education by her without showing an express promise on the part of the father to pay for the same, made within six years next before the commencement of her suit.

Error to Macomb. (Canfield, J.) Argued November 8, 1889. Decided December 28, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Lovell & Laing,* for appellant.

*Eldridge & Spier,* for defendant.

CAMPBELL, J. The opinion of the circuit judge holding defendant not liable to plaintiff is in accordance with our decisions, and sufficiently explains the rule.[1]

I think the judgment should be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred with CAMPBELL, J.

SHERWOOD, C. J., (*dissenting*). In this case the plaintiff claims that on July 26, 1866, the defendant was her lawful husband, and on that day, without cause or provocation, deserted her, and left the county and the State; that at that time she was sick, and in a family way, and unable to provide for her support, and on September 25, 1866, she gave birth to a female child, which she nurtured, protected, and supported by her daily work until the child died, on October 1, 1884; that the first eight years she supported the child unaided by any one, and by her

---

[1] For copy of opinion of circuit judge see dissenting opinion.

own personal efforts, and during the last ten years of her life plaintiff bestowed upon the child her personal care and attention, and that defendant, although he promised to support plaintiff and her child, never contributed anything towards the support of either of them.    Upon these facts plaintiff based her declaration, and gave the following bill of items of her demand:

1874, August 20.
Board furnished for defendant's daughter, 407
 weeks...............................................................$1,221 00
Schooling for same............................................  200 00
Washing and lodging..........................................  407 00
Medicine and medical attendance.......................  300 00
 1884, Sept. 25.
Personal care and attention................................ 1,000 00

The defendant pleaded the general issue to the plaintiff's declaration, and gave notice thereunder that he should insist on the trial upon the statute of limitations as a bar to the plaintiff's claim.    The case was tried in the Macomb circuit with a jury, and the circuit judge directed the verdict for the defendant.    The plaintiff asks a review of the case in this Court.

From the testimony in the case it appears that in three days after the marriage of the parties defendant left the plaintiff,—left, as he claimed, to go to Saginaw to get work,—and promised plaintiff he would send her enough to support and care for her and the child in prospect; that with this understanding and promise defendant went to Saginaw, as plaintiff supposed, to better his condition, and earn the means necessary for the support of his family.    After he left, plaintiff never heard from him again, except once, until he had been absent about 18 years, at which time he was in Canada, where he had been for about two years.    In the summer of 1884 she first learned defendant was at Richmond, in this State, and in the fall of 1886 she commenced this suit.    The plaintiff

worked out as a hired servant, and supported herself and child until August 20, 1874, at which date she obtained a bill of divorce from her husband, and on the 23d day of the same month she intermarried with her present husband, Robert Lapworth, who took care of said child from that time until she died, on October 1, 1884. The plaintiff claims damage for the support of her child until she was divorced from defendant in August, 1874, and, from that time until their child died, for personal care and attention given to her.

The defendant's claim upon the trial and in·this Court is—

"That although he had had sexual intercourse with plaintiff, yet it was prior to a time when said child must have been conceived; that at the date of said marriage he was only seventeen years and nine months old, and therefore said marriage was void; that he married plaintiff under duress; that a wife has no cause of action against her husband until after divorce; that although he went to Canada and New York when he left the plaintiff, yet his return, about twelve years before suit was brought, was open, notorious, and continuous, and that said cause of action did not accrue to plaintiff at any time within six years next before the commencement of this suit."

The issue which was made in the circuit, and the theory of the respective parties upon the trial, is above stated; and the circuit judge, after hearing the evidence, was requested by counsel for plaintiff to give to the jury the following charges:

"1. If you find from the evidence that Thomas A. Leach is the father of Minnie Leach, the child of the plaintiff in this case, and that the said mother of said child did maintain and support it from its birth in September, 1866, to the marriage with Mr. Lapworth in August, 1874, you can allow the plaintiff such sum as you find from the evidence will pay her for the care and support she gave such child of defendant during that time.

"2. If you find from the evidence that the plaintiff, after her marriage with Lapworth, by her arrangement with her husband at or about the time of the marriage, was to be allowed to take the child with her, and to care for and maintain it, she can also be allowed such sum for such nurture and care as you deem the same from the evidence worth.

"3. If you find from the evidence that defendant is the father of the child in question, you can find for the plaintiff, whether he married the plaintiff willingly or unwillingly. The father of a child is bound to support his child when able to do so. Evidence in this case shows the ability of the father to properly support his child.

"4. If you find from the evidence that the defendant, when about to leave Flushing, promised the plaintiff to send her money or means to aid her in the support of the child, you must find for the plaintiff, and assess her damages at such sum as you find from the evidence he was able to furnish her, not exceeding, however, such sum as would actually compensate her for the support, care, and nurture furnished by the plaintiff."

The circuit judge refused to give these requests, or either of them, but in directing the verdict said to the jury.

"1. The defendant in this case has claimed the benefit of the statute of limitations, and you are instructed that the plaintiff has not, by the proofs in this case, shown any promise, express or implied, on the part of the defendant within six years of the time of the commencement of this suit to pay her for anything she has done for the child in question, and for this reason your verdict must be for the defendant.

"2. I further charge you that no promise on the part of the father to pay a mother for anything she may do in the discharge of her moral duties to their off-spring can be implied. The mother is as much morally bound to care for, support, nourish, and educate the child as the father, and the law will not allow her to recover for so doing simply because the father omits his duty.

"3. If the claimed marriage between those parties is a valid one, and the defendant deserted the plaintiff before the birth of the child, yet the plaintiff cannot recover

for the support, care, or education of the child by her without showing an express promise so to do, made within six years next before the commencement of this suit; that is, therefore, August 25, 1886; and consequently, gentlemen, your verdict in this case will be for the defendant."

I do not think that so much of the plaintiff's claim as arose within a period of six years before the bringing of suit was barred by the statute of limitations, if such claim was a valid one.

Whether or not the defendant was 18 years of age at the time he married the plaintiff was a fact not admitted at the trial, and was a proper one for the jury. If he was 18 years old or over at that time, his marriage to plaintiff was valid under our statute; if under that, it was only voidable on that account; and whether over or under that age it was his duty to support his child, and give it care and protection, and, if he fails to do his duty in these regards, he will become liable to such persons as do furnish such care, maintenance, and protection in any case where he abandons the child and wife, and the court should have so instructed the jury. The legal duty in such case is sufficient to raise the implied promise to make payment for the necessaries of life, whether it be for food, clothing, or care. It was for the jury to ascertain from the testimony, under a proper charge, not only the validity of the marriage between the parties, but the other facts upon which the claimed liability rests. It is in evidence that the plaintiff was very poor up to the time of her second marriage, and there is nothing in the record showing that her pecuniary circumstances have been greatly improved since; but, be that as it may, it is certain that it is the duty of the father to support his minor children, and this duty rests upon him even after the mother has been divorced and

such minors live with her, and I cannot agree with the learned circuit judge when he says—

"The mother is as much morally bound for the support of their child as is the father."

If the father abandons his wife and children without cause, he is not only morally, but legally, bound to support both the wife and the children, if able to do so. In this case it appears that the defendant was of sufficient ability to support either or both; and if the child was his, and the marriage was valid, the mother having no means, having been compelled to do what it was defendant's moral as well as legal duty to do, and what he promised her he would do when he left her, I can see no good reason why he should not now be required to recompense her for doing that which he ought to have done, until the claim is barred by the statute, especially where he has abandoned the child and her mother both. Of course this holding is upon the ground that the marriage was legal; that the child was his, and they were abandoned by him, as claimed; and these were facts for the jury, under proper instructions from the court.

The plaintiff's first request was rightly refused. It did not restrict plaintiff's claim within six years before bringing suit. It appears that a large portion of the time defendant was absent from her, and failed to furnish the support he should have done, he was not out of the State, but a resident herein, and abundantly able to discharge the obligations towards his daughter and her mother which were morally and legally cast upon him.

I see no objection to the second request to charge, asked for by plaintiff, and it might well have been given.

The third request is without limit as to time, and I do not think sufficient circumstances are given in the

request to make it a proper one for the jury; and, because the time is not limited in the fourth request, it was also properly refused.

I do not think the third paragraph of the charge of the court is correct. I think she may recover, under the circumstances stated in the clause, limiting the recovery, however, to six years before the bringing of the suit. The plaintiff is entitled to recover to the extent intimated, either upon the express promise he gave the plaintiff, or upon the one the law implies. The father is primarily liable for the support and maintenance of his infant children. *Stanton v. Willson*, 3 Day, 37; *Johnson v. Barnes*, 69 Iowa, 641 (29 N. W. Rep. 759); *Reynolds v. Sweetser*, 15 Gray, 78. And there is no doubt, I apprehend, in so doing he is entitled to, and may recover for, the services of his wife, so long as he has not abandoned his family, and lives with her.

But when he abandons his wife without cause, as was done in this case, as the wife's testimony clearly shows,— and that only have we occasion on this record to consider,—he does not therefore relieve himself from the discharge of such primary duty, or from his liability for its performance by others. The common law, however, while it will imply a contract by the husband to pay third persons who shall supply the necessaries to the wife to enable her to perform such duty, will not imply such contract with the wife who shall supply them. By our statutes, however, the wife, in regard to her separate property, may have and maintain the same contract relations, express or implied, as though she were unmarried; and I do not think it can be successfully maintained that, in a case where the husband willfully abandons his wife and family without cause, her earnings thereafter are not her separate property; and after the parties are legally divorced (and there is no question but that these parties

legally were), the same implied contract arises in her favor that would arise in favor of third persons who supplied necessaries for the support and maintenance of the husband's infant children.

But, aside from the implied contract which I hold exists in this case in favor of this plaintiff, under the facts appearing in the record, the husband, before he left this wife, without disclosing his intention to abandon her and her child, knowing of her inability to support them, and with a view, evidently, of better being able to accomplish his secret purposes, and to avoid the enforcement of the statute against his leaving, promised the plaintiff that he would furnish. her with the means necessary for the future support of herself and child. This promise continued until his child died, so far as it related to the child. It was an express promise, and therefore she was not compelled to rely upon the implied promise to maintain her suit for the support of the child during the period I have herein indicated. She ought to be permitted to recover. *Markham v. Markham,* 4 Mich. 305; *Courtright v. Courtright,* 40 Id. 633. Our own cases cited are not in point. I find no case involving the same state of facts as this, where statutes like ours are in force.

I think the verdict should be set aside, and a new trial granted.