*In re* STEPHENSON'S ESTATE.

PARENT AND CHILD—SUPPORT OF INCOMPETENT CHILD—NO IMPLIED PROMISE BY FATHER TO REIMBURSE MOTHER.

 The mother of an incompetent child may not recover, in an action at law, from the estate of the father, from whom she had been separated, the value of the care and support furnished by her to said incompetent, upon the theory of an implied contract, in the absence of an express one.

Error to St. Clair; Law (Eugene F.), J. Submitted October 19, 1921. (Docket No. 140.) Decided December 21, 1921.

Emma Stephenson presented a claim against the estate of Orlando M. Stephenson, deceased, for services rendered. The claim was allowed in part in the probate court, and the estate appealed to the circuit court. Judgment for contestant on a directed verdict. Claimant brings error. Affirmed.

*Don R. Carrigan*, for appellant.

 On recovery by mother against father for money expended in support of children, see notes in 38 L. R. A. (N. S.) 508, and L. R. A. 1915A, 1137.

*O. L. Smith* (*Walsh & Walsh,* of counsel), for appellee.

FELLOWS, J.     Plaintiff, Emma Stephenson, was married to decedent, Orlando M. Stephenson, in 1874. A daughter, Eva, was born to them in 1880.    When about 16 months old the daughter contracted brain fever from the effect of which she never recovered. During her entire life she was feeble-minded and required constant care.     She died in 1912.     In 1894 the parties separated.     It is the claim of plaintiff that she was abandoned by her husband.     When they were living together decedent, who was a prosperous physician, furnished her and the daughter a comfortable home.     On December 24, 1914, Dr. Stephenson obtained a decree of divorce from plaintiff in the district court of Richland county, North Dakota.     Of this proceeding Mrs. Stephenson had notice.     She caused her appearance to be entered but later withdrew her answer.     From some deeds which were offered in evidence it is to be inferred that about this time he caused to be conveyed to her certain real estate in Port Huron.     The daughter Eva remained with and was cared for by her mother as long as she lived.     Dr. Stephenson died in 1917 and plaintiff filed this claim against his estate for the sum of $6,000 to recover from the estate for the care and support of the daughter Eva, and for medical bills and funeral expenses paid by her.     She seeks to recover upon an implied contract, there being no evidence tending in any way to show an express one.     The trial judge directed a verdict for the estate and plaintiff brings the case here for review.

But one question is therefore before this court upon this record, and that, concisely stated, is whether the mother of an incompetent child who furnishes such

216—Mich.—21.

child with care and support may recover in an action at law from its father the value of such support and care upon the theory of an implied contract and in the absence of an express one. This question has been answered by this court in the negative in the case of *Lapworth* v. *Leach*, 79 Mich. 16, where this court held (quoting the syllabus) :

"No promise on the part of the father to pay the mother for anything she may do in the discharge of her moral duties to their offspring can be implied.

"The mother is as much morally bound to care for, support, nourish, and educate her child as the father, and the law will not allow her to recover for so doing simply because the father omits his duty.

"A wife, who is deserted by her husband before the birth of a child, cannot recover of the father for its support, care, or education by her without showing an express promise on the part of the father to pay for the same, made within six years next before the commencement of her suit."

Our attention has not been called to any cases in this court and we have found none where the holding in this case is questioned either directly or by *dictum*. *Courtright* v. *Courtright*, 40 Mich. 633, involved a written agreement between parties who had been divorced. Numerous cases will be found in this court, some of which have been cited by counsel, where this court has recognized the duty of the father to care for unfortunate children who have passed their majority, and the legislature has recognized such duty (2 Comp. Laws 1915, § 5191) and has provided in subsequent sections for the enforcement of the performance of such duty. But that is not the question here presented. We are not here dealing with the case of a stranger who has furnished necessaries to a child, nor with a case where the public authorities are seeking the enforcement of the parental duty, nor have we a divorce proceeding or one for separate maintenance where

the court may, and usually does, make provision that the father shall pay certain sums for the support of minor children.  Here we have an action at law brought by the mother to recover from the father's estate for the care and support given the offspring of both.  Such matters are usually adjusted at the time of the divorce proceedings, generally in the decree, sometimes by contract.  In the instant case it is to be inferred they were adjusted by contract; but, be that as it may, then was the time and that was the occasion when they should have been adjusted, and this court, we think, quite properly held that an action at law would not lie by the mother to recover from the father upon the theory of an implied contract for the care and services she owed a moral duty to furnish and perform.

Counsel for the plaintiff urges us to overrule the case of *Lapworth* v. *Leach, supra.*  He insists it is contrary to the weight of authority and presents to us an imposing array of cases from other States. But an examination of the briefs of counsel in the *Lapworth Case* also discloses an imposing array of cases from other States.  That case was ably briefed and this court then had before it many cases from other jurisdictions.  We shall not attempt to reconcile or classify the conflicting decisions from other States.  The law was settled for this State by the *Lapworth Case.*  That case will not be overruled.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.