KUNTZ *v.* KUNTZ.

1. MARRIAGE—MORE THAN CIVIL CONTRACT.

    Marriage is more than a civil contract; rights being acquired and obligations assumed which the parties themselves may not annul.

2. HUSBAND AND WIFE—NO STATUTE IN PENNSYLVANIA OR MICHIGAN AUTHORIZING HUSBAND TO SUE WIFE FOR ACCOUNTING FOR MONEY JOINTLY ACCUMULATED.

    There is no statute in Pennsylvania, where the parties were married, nor in this State, in which a suit is brought by a husband against his wife for an accounting for money and property accumulated by their joint efforts, which recognizes that husband and wife have a severable interest in money or property so accumulated, although under the statutes of both States a married woman is entitled to have and to hold property as her separate estate, and she may maintain an action against her husband in relation thereto.

3. SAME—PARTNERSHIP.

    Husband and wife may not enter into a contract of partnership.

4. SAME—EQUITY WITHOUT JURISDICTION TO ENTERTAIN SUIT FOR ACCOUNTING BY HUSBAND AGAINST WIFE.

    A court of equity is without jurisdiction to entertain a suit by a husband against his wife for an accounting for money and property accumulated by their joint efforts, although in a suit for divorce the court has power to decree to the wife such part of the estate as may be just and reasonable.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted April 10, 1928. (Docket No. 70, Calendar No. 33,570.) Decided October 1, 1928.

Bill by Frank Kuntz against Mary Kuntz for an accounting. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*Frank A. Martin (William E. Henze,* of counsel), for plaintiff.

*Ira J. Pettiford,* for defendant.

SHARPE, J.   In the bill of complaint filed herein the plaintiff alleges:

1.   The marriage of the parties in 1906 at the city of Pittsburgh, in the State of Pennsylvania.

2.   The birth of four children, three of whom are now living, of the respective ages of 16, 14, and 12 years.

3.   That plaintiff has worked daily during his married life and turned his earnings over to defendant for deposit and investment in their joint names.

4.   That plaintiff and defendant, on March 15, 1924, were the owners of a home in Pittsburgh, and on that day sold it for $6,100, which money "defendant represented she was placing in the bank in their joint account."

5.   That on said March 15th defendant withdrew approximately $19,000 from the bank in which their moneys were deposited and left the city, taking with her their two youngest children, and is now residing in the city of Detroit.

6.   That since coming to Detroit she has invested the money so obtained by her in certain real estate, which is specifically, described.

7.   That plaintiff has requested defendant "to turn over his share of his money to him and to account to him in regard to the moneys earned by him and from the sale of the joint property," and that defendant has refused to comply therewith.   In his prayer for relief he asks for an accounting "of all and singular the said moneys due him," and that she be ordered to pay him whatever may be found to be due him on such accounting.

In her answer defendant admitted the marriage, the birth of the children, and the fact that certain moneys had been received by her and deposited in their joint account. She alleged that on April 30, 1924, a separation agreement had been entered into between them, wherein, in consideration of $1,000 then paid to him, plaintiff had assigned and conveyed to her all his interest in their joint property in consideration of her release to him of all liabilities and obligations incident to the marriage relation. A copy of this agreement was annexed to the answer.

The case was heard upon these pleadings without amendment. The trial court concluded:

"It does not seem to me the plaintiff could have understood this contract or he would never have signed this agreement releasing all of his interest in the property for the sum of money he received. It seems to me that she kept from him the knowledge of the property they had, the amount of money she had in the bank, and really deceived him into signing the contract. Had he known the correct amount it doesn't seem to me he would ever have signed the agreement. I think under the proofs the contract will be set aside on the ground of fraud and each party should have one-half of the property, except she has taken care of these children. She ought to have an allowance for the two children until they are sixteen years of age."

He so decreed, and, finding that defendant had $11,000 in her possession when she left Pittsburgh, provided therein that she should pay the plaintiff $3,435 within 90 days, and that he should have a lien on the real estate described in the bill until paid. The defendant appeals.

A reading of the record satisfies us that his conclusion as to the binding effect of the separation

agreement was justified by the proofs. The serious question is whether the court had any jurisdiction to hear and determine the matters set up in the bill of complaint on which plaintiff seeks relief. It clearly appears that the $11,000 was the result of their joint earnings and savings during their married life. While the plaintiff had worked steadily and turned his pay checks over to defendant, she had taken in roomers and boarders and thus increased the savings. It also appears that she had made investments in and sales of real estate from which considerable profits had been realized. The division made by the trial court would seem to be fair and equitable. But we are unwilling to hold that under the law an action for an accounting of the moneys thus accumulated from savings and investments of a husband and wife will lie. After diligent search we have been unable to find any reported case wherein such a suit was brought.

Marriage is more than a civil contract. Rights are acquired and obligations assumed which the parties themselves may not annul. They are bound thereby unless the courts, acting under legislative authority, shall terminate the relation by a decree of divorce. There is no statute in Pennsylvania, where this marriage was performed, nor in this State, in which this suit is brought, which recognizes that a husband and wife have a severable interest in moneys accumulated as a result of their joint efforts or savings. Under the statutes in both of these States a married woman is entitled to have and to hold property as her separate estate, and she may maintain an action against her husband in relation thereto. *Heckman* v. *Heckman,* 215 Pa. 203 (64 Atl. 425, 114 Am. St. Rep. 953); *Markham* v. *Markham,* 4 Mich. 305. In *Moore* v. *Moore,* 47 N. Y. 467 (7 Am. Rep.

466), it was held that a wife might, in equity, maintain partition' proceedings against her husband for her undivided share of property. They may not, however, enter into a contract of partnership. *Artman* v. *Ferguson,* 73 Mich. 146 (2 L. R. A. 343, 16 Am. St. Rep. 572). This holding was cited with approval in *Root* v. *Root,* 164 Mich. 638, 645 (32 L. R. A. [N. S.] 837, Ann. Cas. 1912 B, 740).

There was no division of the savings of this husband and wife. They were at times invested in property in a manner creating an estate by the entireties. At the time defendant left Pittsburgh, the property had been converted into money, and, under the most favorable view of the testimony supporting plaintiff's claim, was on deposit in a bank in their joint names, subject to withdrawal by either. No effort was made to show the part of it to which it might be said each was equitably entitled. Any attempt to do so would be based upon "mere conjecture." *McNamara* v. *Langguth,* 198 Mich. 776.

"It is not the purpose of the law to create any rule which will tend to destroy the value and confidence of the marital relation." *Jenne* v. *Marble,* 37 Mich. 319, 322.

The facts are not unlike those in *Ridky* v. *Ridky,* 226 Mich. 459, which may be read with profit. Had the suit been one for divorce, the court might have decreed to the wife such part of the estate as was just and reasonable, but in this suit it was without jurisdiction or power to do so.

The decree entered is vacated, and one may be entered in this court dismissing plaintiff's bill, but without costs to either party.

Fead, C. J., and North, Fellows, Wiest, Clark, McDonald, and Potter, JJ., concurred.