HECKELMAN v. HECKELMAN.

1. HUSBAND AND WIFE—ACCOUNTING—DIVISION OF PROPERTY—JUDG-
MENT.
    A trial court has no authority, in an action for divorce, to grant
        an accounting and a division of property without an adjudica-
        tion granting a judgment of divorce.

2. DIVORCE—REVIEW OF COURT OF APPEALS—DISCRETION OF COURT.
    The Court of Appeals hears a divorce case *de novo* on the record,
        but will not substitute its judgment for that of the trial court
        without a showing of an abuse of discretion, as the finding
        of the trial court, while not controlling, is entitled to great
        respect as he has the distinct advantage of seeing and hearing
        the parties and their witnesses, observing their demeanor and
        attitudes, and is in a better position to weigh the evidence
        and determine the credibility thereof.

------------

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 925, 926.
[2] 5 Am Jur 2d, Appeal and Error § 868.
[3] 5 Am Jur 2d, Appeal and Error § 868.
    24 Am Jur 2d, Divorce and Separation § 397.

3. SAME—EXTREME CRUELTY—LACK OF SUPPORT—EVIDENCE.

  Trial court's determination that plaintiff wife had not established
    sufficient grounds for divorce because of alleged cruelty and
    lack of support *held,* not an abuse of discretion.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted Division 3 February 10, 1966, at Grand Rapids. (Calendar No. 736.) Decided April 26, 1966.

Complaint for divorce by Mabel L. Heckelman against Lester T. Heckelman. Judgment for defendant. Plaintiff appeals. Affirmed.

*Victor E. Bucknell* and *John L. Schwendener,* for plaintiff.

*Jones, Webb & Jones (Carroll B. Jones,* of counsel), for defendant.

McGREGOR, J. This is an appeal from a dismissal of a divorce action by the trial court on its own motion at the conclusion of the plaintiff's case. This action was filed on June 27, 1963, in the Kalamazoo county circuit court by Mabel L. Heckelman against Lester T. Heckelman, seeking a divorce on the grounds of extreme cruelty and nonsupport.[1] The cause was brought to trial and concluded September 22, 1963; after plaintiff presented her proofs, the court dismissed the cause on its own motion, stating that her proofs were "insufficient to permit the court to grant the relief prayed for".

These parties were married on March 27, 1917, and lived together 45 years, until the 15th day of April, 1962. In the summer of 1962, plaintiff, then a resident of the county of St. Joseph, Michigan, filed suit

---

[1] See CL 1948, §§ 552.7, 552.8 (Stat Ann 1957 Rev §§ 25.87, 25-.88).—REPORTER.

for divorce against the defendant in the circuit court for St. Joseph county. On May 3, 1963, the cause was heard in St. Joseph county circuit court and a judgment of the court denied plaintiff a divorce. The plaintiff left the parties' home on or about June 12, 1963, and moved on or about June 17 or 18, 1963, to the village of Vicksburg, Kalamazoo county, Michigan. Plaintiff's present bill of complaint was sworn to on June 15, 1963 (43 days after the denial of a divorce in St. Joseph county circuit court on May 3, 1963), but was not filed in Kalamazoo county until June 27, 1963.[2]

The trial court limited the proofs to the period subsequent to May 3, 1963. At the commencement of trial, the defendant, called as the plaintiff's first witness under the statute,[3] was cross-examined at length by plaintiff's counsel, and likewise, by his own counsel. These examinations of the defendant resulted principally (a) in his denial of any act or acts of cruelty or nonsupport towards his wife since May 3, 1963; (b) a recitation of the rather substantial assets of the parties, both real property and personalty, indicating that a large part thereof was jointly owned; (c) his claim that he did not want a divorce; (d) that there was domestic interference and partiality by a 44-year-old daughter, Helen; (e) his unrefuted testimony that his wife had drawn out $9,500 from a joint husband-and-wife account with a savings and loan institution and established a joint account in the names of the wife and the daughter Helen; (f) that the plaintiff wife had another $3,000 banked jointly with the same daughter; (g) that the wife received $33 per month in social security; (h) that he gave her $7.50 weekly support and that she didn't ask for any more support money; and (i) that

[2] CLS 1961, § 552.9 (Stat Ann 1963 Cum Supp § 25.89).
[3] CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161),

he did not complain about his wife's refusal to prepare his meals or do his laundry or return to his bed after the trial of May 3, 1963.

The defendant's uncontroverted testimony was that the plaintiff's real desire was a division of the family property, that she came back the night following her leaving the house in June for the Vicksburg address and said to him, "if you divided with me I wouldn't have had to went."

The plaintiff's evidence indicated that she rented the house in Vicksburg on June 12th and actually moved there about the 17th or 18th of June; that the defendant had never threatened her with violence and further, that "I wanted to reside in Vicksburg so I could get another court for a trial."

The plaintiff's case of alleged cruelty and nonsupport was supported by her own ineffective testimony of various acts of cruelty and nonsupport by the defendant, backed by the daughter Helen Heckelman, a 20-year-old grandson Gerald Heckelman, an 18-year-old granddaughter Maxine Heckelman, a 21-year-old husband of a granddaughter, all of whom testified to various acts of defendant, such as (a) that on occasion, the defendant shouted to plaintiff to "get out if you don't like it"; (b) that the defendant refused to talk or said very little to any of them; (c) that the defendant said the plaintiff was crazy; (d) that he would sit with a heavy sweater over his head; (e) that he was not companionable; (f) that some of such acts were repetitious of acts done prior to May 3, 1963, for the ostensible purpose of indicating that defendant's conduct was of such a nature as to disrupt the family relationship and drive the plaintiff from the home; all as acts of cruelty on the part of the defendant. Therein was some support to the testimony of plaintiff by her witnesses that the situation between the parties was the same or worse than before her first suit for divorce. There was

very little evidence on the part of either party of any attempt to reconcile after the dismissal of plaintiff's prior divorce suit, on May 3, 1963.

It is the contention of the plaintiff that the trial judge relied upon the doctrine of *res judicata,* even though the plaintiff presented new and different facts subsequent to denial of her divorce by the St. Joseph county circuit court, and that the trial court erred in dismissing plaintiff's complaint for divorce, quoting *Sovereign* v. *Sovereign* (1958), 354 Mich 150, as support for such. The plaintiff further contends that under *Sovereign* v. *Sovereign, supra,* the trial court had no right to dismiss her bill of complaint, apparently not giving full consideration to the fact that subsequent to the *Sovereign* decision, a new and different court rule has gone into effect, viz.: GCR 1963, 504.2, which provides in part that:

"After the plaintiff has completed the presentation of his evidence to the court in any action tried without a jury, the defendant  *  *  *  may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

Defendant's counsel contends that as plaintiff rested, he intended and did start formally to move for a dismissal, but without warning, the trial court followed a well-known legal axiom that the law "considers done that which should be done", and granted defendant's intended motion to dismiss, further contending that it was evident that there were insufficient grounds in plaintiff's proofs upon which the court could predicate a judgment of divorce for her and that the trial court did not base his decision herein on the doctrine of *res judicata* even though, from the plaintiff's testimony, this trial was actually an appeal from the decision made in the St. Joseph county circuit court a few weeks before plaintiff filed the instant suit in Kalamazoo county circuit court.

Plaintiff further claims that the court erred in not granting her equitable relief for a share of the properties of the parties, even if the court denied her a judgment of divorce, which claim is not supported by the law of this State. Without an adjudication granting a judgment of divorce in this matter, the trial court has no authority to grant an accounting and a division of property. *Kuntz* v. *Kuntz* (1928), 244 Mich 78.

This is another situation in which we feel justified to repeat that although the Court of Appeals hears a divorce case *de novo* on the record, the trial court has the distinct advantage over this Court of seeing and hearing the parties and the witnesses, observing their demeanor and attitudes, and is in a better position to weigh the evidence and determine the credibility thereof. This Court will not substitute its judgment for that of the trial judge, without showing of abuse of discretion. The finding made by him, while not controlling, is entitled to great respect. *Hildebrandt* v. *Hildebrandt* (1923), 223 Mich 352. A review of the evidence establishes that the trial judge did not abuse his right of determination of the lack of sufficient grounds by plaintiff for a divorce. *Kolberg* v. *Kolberg* (1945), 312 Mich 42.

Judgment of the trial court is affirmed, with costs to the appellee.

HOLBROOK, P. J., and BURNS, J., concurred.