ST. CLAIR COMMERCIAL & SAVINGS BANK v MACAULEY

(ESTATE OF MACAULEY v MACAULEY)

1. E<small>STATES</small>—S<small>PECIAL</small> A<small>DMINISTRATORS</small>—D<small>UTIES</small>—G<small>ENERAL</small> A<small>DMINIS-</small>
   <small>TRATORS</small>—M<small>OTIONS</small>—D<small>IVORCE</small>.
   A special administrator is charged with the duty of collecting the
   goods, chattels, and debts of a deceased and preserving them
   for the administrator; the special administrator is a proper
   party to move to set aside a divorce decree where property
   rights of the deceased are involved, and the general administra-
   tor may continue such an action properly commenced by the
   special administrator.

2. J<small>UDGMENT</small>—F<small>INAL</small> J<small>UDGMENTS</small>—R<small>ENDITION</small>—E<small>NTRY</small>—E<small>FFECTIVE</small>
   D<small>ATE</small>.
   The rendition of a judgment is the judicial act by which a court
   decides a case in favor of one party or the other; the entry of
   the judgment is merely the ministerial act which records that a
   judgment has been rendered.

3. D<small>IVORCE</small>—E<small>QUITY</small>—R<small>ELIEF</small>—C<small>ONCLUSION OF</small> C<small>ONTROVERSY</small>.
   A divorce action is equitable in nature, and a court of equity
   molds its relief according to the character of the case; once
   equity acquires jurisdiction it will do what is necessary to
   accord complete equity and to conclude the controversy.

4. D<small>IVORCE</small>—M<small>ARRIAGE</small>—P<small>UBLIC</small> P<small>OLICY</small>—R<small>EMAINING</small> M<small>ARRIED</small>.
   It is in accord with public policy to allow the parties to a divorce
   action to remain married if they so desire.

5. J<small>UDGMENT</small>—M<small>OTIONS</small>—S<small>ETTING</small> A<small>SIDE</small> J<small>UDGMENT</small>—F<small>RAUD</small>—C<small>ON-</small>
   <small>FLICTING</small> A<small>LLEGATIONS</small>—E<small>VIDENTIARY</small> H<small>EARING</small>.
   A party may move a trial court to set aside an order or a

---

R<small>EFERENCES FOR</small> P<small>OINTS IN</small> H<small>EADNOTES</small>

[1] 31 Am Jur 2d, Executor and Administrators § 649.
[2] 46 Am Jur 2d, Judgments § 52 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 241.
[4] 24 Am Jur 2d, Divorce and Separation § 650.
[5] 46 Am Jur 2d, Judgments § 825.
[6] 24 Am Jur 2d, Divorce and Separation § 436 *et seq.*

judgment for fraud or any other reason justifying relief from the operation of the judgment, and where there are conflicting allegations and affidavits as to whether fraud was committed, the trial court must conduct an evidentiary hearing to determine whether such fraud existed (GCR 1963, 528.3).

6. APPEAL AND ERROR—DIVORCE—JUDGMENT—DE NOVO REVIEW— ABUSE OF DISCRETION—EVIDENTIARY HEARING.

The denial of a motion to set aside an order or a judgment in a divorce action is reviewed *de novo;* the decision of the trial court will not be upheld where it abused its discretion by denying a necessary evidentiary hearing.

Appeal from St. Clair, Halford I. Streeter, J. Submitted November 12, 1975, at Detroit. (Docket No. 21763.) Decided December 10, 1975. Leave to appeal denied, 396 Mich 864.

Complaint for divorce by Frank B. Macauley against Barbara A. Macauley. Divorce granted. By stipulation of both parties, judgment set aside. Frank B. Macauley died. Motion by the special administrator of the estate of Frank B. Macauley, deceased, to set aside the order setting aside the judgment of divorce. Motion denied. The successor administrator of the estate appeals by leave granted. Remanded for evidentiary hearing.

*J. Thomas McGovern,* for the estate.

*Nunneley, Nunneley, Hirt & Rinehart, P. C.* (by *James J. Disser),* for defendant.

Before: DANHOF, P. J., and MCGREGOR and N. J. KAUFMAN, JJ.

DANHOF, P. J. On September 11, 1973, Frank B. Macauley filed for a divorce. A judgment was duly rendered on the record on February 11, 1974. However, in accordance with a stipulation signed by both parties and their attorneys, the trial court ordered the judgment set aside on March 6, 1974.

Frank B. Macauley died on March 21, 1974.

A motion to set aside the order setting aside the judgment of divorce was filed on May 29, 1974, by Patrick B. Macauley, as special administrator of the estate of the deceased herein. A hearing was held on this motion on June 24, 1974. The plaintiff requested an evidentiary hearing to determine whether the deceased had the necessary mental capacity to stipulate to setting aside the above judgment. The trial court ruled as follows:

> *"The Court:* I saw him in court. If he didn't have enough sense to sign the stipulation, he didn't have enough to get a divorce.
> "I will uphold my order.
> "I deny the motion."

From the denial of this motion, the plaintiff appeals.[1]

The first issue raised on appeal is whether the special administrator or, now, the administrator is a proper party to this divorce proceeding.

The special administrator is charged with the duty of collecting the goods, chattels, and debts of the deceased and preserving them for the administrator. MCLA 702.61; MSA 27.3178(131). The special administrator is a proper party to move to set aside a divorce decree, insofar as property rights are involved. *Allen v Allen,* 341 Mich 543; 67 NW2d 805 (1954). The general administrator may continue an action properly commenced by the special administrator. *Wright v Brown,* 317 Mich 561; 27 NW2d 97 (1947).

In line with the above authority, we hold the present plaintiff is a proper party to this action.

---

[1] Subsequently, St. Clair Commercial & Savings Bank, as administrator of the estate, succeeded Patrick B. Macauley, who was special administrator.

The next issue is whether the rendering of a judgment by the trial court on February 11, 1974, was a final judgment.

*LeTarte v LeTarte,* 32 Mich App 289, 291; 188 NW2d 673 (1971), *lv den,* 385 Mich 761 (1971), states the applicable rule:

> "The conceptual difference between the rendition of a judgment and entry of a judgment has long been recognized in Michigan. *Blickle v Kent Probate Judge,* 211 Mich 216 [178 NW 680] (1920); *Lewis v Wayne County Sheriff,* 335 Mich 640 [56 NW2d 211] (1953). The rendition of the judgment is the judicial act by which the court decides the case in favor of one party or the other. The entry of the judgment is merely the ministerial act which records that a judgment has been rendered."

The record in the present case indicates that after the trial court heard testimony from the deceased, sufficient to show grounds for a judgment of divorce under MCLA 552.6; MSA 25.86, the court stated: "Judgment of divorce granted." The judgment was clear and unqualified. Accordingly, under *LeTarte v LeTarte, supra,* the judgment in the instant case was final and complete when rendered, even though it had not been entered.

The third issue raised by the plaintiff is whether the trial court erred in setting aside the judgment of divorce on the basis of the stipulation by the parties.

The following is stated in 3 ALR3d 1216, § 2, p 1218:

> "It has frequently been held that a court has inherent jurisdiction to vacate or set aside a decree of divorce or separation upon the joint request or application of both parties * * * ."

No Michigan court has held that the parties may stipulate to set aside a final divorce decree. However, the jurisdiction of the court of equity has been recognized in Michigan. A divorce case is equitable in nature. *Hutchins v Hutchins,* 36 Mich App 675, 676; 194 NW2d 6 (1971). "A court of equity molds its relief according to the character of the case." *Seifert v Keating,* 344 Mich 456, 464; 73 NW2d 894 (1955). Once equity acquires jurisdiction it will do what is necessary to accord complete equity and to conclude the controversy. *Latowitz v Tomaszewski,* 353 Mich 441, 445; 91 NW2d 809 (1958).

The trial court in the instant case set aside the divorce decree 3-1/2 weeks after it had rendered the same. Both parties and their attorneys signed the stipulation to set aside the decree. There is no indication that any third party was affected by the action of the trial court. Further, it is in accord with the public policy to allow the parties to remain married if they so desire. Therefore, guided by other jurisdictions and in line with the equitable principles set forth above, we hold the trial court did not err in setting aside the divorce decree under the facts of the present case for the reason that it was based upon a stipulation by the parties.

The final issue is whether the trial court abused its discretion in denying the motion to set aside the order setting aside the judgment of divorce.

GCR 1963, 528.3 allows a party to move the trial court to set aside an order or a judgment for fraud or "any other reason justifying relief from the operation of the judgment".

Where fraud is alleged, the court in *Parlove v Klein,* 37 Mich App 537, 544–545; 195 NW2d 3 (1972), *lv den, sub nom Wiley v Partridge,* 387 Mich 780 (1972), stated:

"It is thus apparent that where, as here, there are

conflicting allegations and affidavits as to the question of whether there was 'fraud upon the court', the trial court must conduct an evidentiary hearing to determine whether such fraud existed. Only upon a full evidentiary hearing could the contested question of 'fraud upon the court' be meaningfully determined."

Review of the denial of a motion to set aside an order or a judgment in a divorce case is *de novo. James v James,* 57 Mich App 452, 455; 225 NW2d 804 (1975). The decision of the trial court will not be disturbed unless there was an abuse of discretion. *Heckelman v Heckelman,* 3 Mich App 159, 164; 141 NW2d 689 (1966).

In the present case, the plaintiff claims the stipulation by the deceased was a fraud on the court because the deceased did not have the mental capacity to so stipulate. At the hearing on June 24, 1974, the plaintiff requested an evidentiary hearing. This request was denied. Outside of the trial court's earlier observation of the deceased, no evidence was admitted as to the competency of the deceased to stipulate to setting aside the judgment of divorce. As stated in *Parlove v Klein, supra,* where fraud on the court is alleged, an evidentiary hearing is necessary so that the trial court can make a meaningful determination. The exercise of discretion should be an informed decision based upon the facts. Therefore, we hold the trial court in the present case abused its discretion by denying the plaintiff an evidentiary hearing.

Accordingly, this case is remanded for an evidentiary hearing. If it is determined the deceased was competent at the time of the stipulation, the plaintiff's motion may then be properly denied. If the trial court determines the deceased was incompetent, the plaintiff's motion should be granted and the decree of divorce reinstated. No costs, neither party prevailing in full.