*In Re* DEREK ESTATE

DEREK v CLARK

Docket No. 80397. Submitted April 11, 1985, at Lansing.—Decided August 19, 1985.

Edwina Derek underwent brain surgery and, upon release from the hospital, moved in with her sister and commenced divorce proceedings against her husband, Joseph Derek. Edwina Derek died while the divorce action was still pending. Sylvia Clark, Edwina Derek's sister, was named temporary personal representative of the estate of Edwina Derek. Joseph Derek filed suit in Macomb Circuit Court alleging that Sylvia Clark and her husband had fraudulently obtained title to various marital assets of the Dereks. Thereafter, Joseph Derek petitioned the Jackson Probate Court to commence the probate of his late wife's estate and asked that an independent personal representative be appointed since the estate might have to proceed against Sylvia Clark in the circuit court action. The probate court, Kevin J. Daly, J., denied the petition for removal, concluding that there were no assets in the estate at that time and that, unless Joseph Derek's action in circuit court was successful, there would be no need to remove Sylvia Clark as the personal representative. The court further ruled that, if the circuit court action was decided in favor of Joseph Derek, the court would again address the petition for removal and that, if the circuit court action was decided in favor of the Clarks, the probate court would close the estate for lack of assets. Joseph Derek filed an application for leave to appeal the probate court's decision, but the Court of Appeals denied leave. Derek then sought leave to appeal to the Supreme Court, which, in lieu of granting leave, ordered the case remanded to the Court of Appeals for consideration as on leave granted. On remand, *held:*

   The probate court should have granted the petition for

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Executors and Administrators §§ 69, 649 *et seq.*

Adverse interests or position as disqualification for appointment of administrator, executor, or other personal representative. 11 ALR4th 638.

removal of Sylvia Clark and appointment of an independent temporary personal representative due to the potential conflict of interest between the estate and Sylvia Clark in the circuit court action.

Reversed and remanded for appointment of an independent temporary personal representative.

EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVES — CONFLICT OF INTEREST.

The claiming of assets by a person who is a temporary personal representative of an estate while others claim that those assets belong to the estate of a decedent is cause for removal and replacement of the temporary personal representative of the estate.

*Currie, Stieper, Haddrill & Seyferth, P.C.* (by *Nelson B. Stieper), Gagleard, Addis, Imbrunone & Gagleard, P.C.* (by *Michael A. Gagleard),* of counsel, for petitioner.

*Marcoux, Allen & Beaman, P.C.* (by *Diane Y. Bower),* for respondent.

Before: R. B. BURNS, P.J., and SHEPHERD and B. A. JASPER,* JJ.

SHEPHERD, J. This matter is before us pursuant to a remand order by the Supreme Court "for consideration as on leave granted of appellant's argument that the probate judge should have removed the appellee [Sylvia Clark] from her position as temporary personal representative" of the estate. 419 Mich 915; 353 NW2d 115 (1984). We reverse and remand for appointment of an independent temporary personal representative.

The appellant married Edwina Derek, now deceased, in 1971. Ten years later, Edwina Derek moved to her sister's (appellee's) home after undergoing brain surgery. Mrs. Derek commenced a

* Recorder's court judge, sitting on the Court of Appeals by assignment.

divorce action, but died during the pendency of that action.

Several weeks later, appellant filed suit in Macomb County Circuit Court, alleging that appellee and her husband had fraudulently obtained title to various marital assets of the Dereks. That action is still pending.

Eight months later, appellant petitioned the Jackson County Probate Court to commence the probate of his late wife's estate. Appellant prayed for appointment of an independent personal representative, stating, "[T]he estate of Edwina Derek must proceed against Sylvia Clark" in the circuit court action.

The probate court named appellee as temporary personal representative. Mrs. Derek had named appellee as fiduciary in her will. Appellant subsequently petitioned for appellee's removal. The probate court denied the petition, concluding that because there were no assets currently in the estate and because there would be none unless appellant's circuit court action was successful there was no present need to remove appellee. The probate court reasoned that, if the allegedly fraudulent transfers were set aside by the circuit court, the probate court could again address the petition for removal. Conversely, if appellant obtained no relief in circuit court, the probate court would close the estate for lack of assets.

This Court denied appellant's application for leave to appeal. Appellant pursued the matter to the Supreme Court, which ordered consideration of the issue "as on leave granted". 419 Mich 915.

We believe the probate court should have granted the petition for removal of appellee and appointment of an independent temporary personal representative.

The probate court may, for "good cause", ap-

point a temporary personal representative "to act in collecting and taking charge of the estate of the deceased and protecting and conserving it until a personal representative is appointed". MCL 700.174; MSA 27.5174. A temporary personal representative "may commence and maintain actions as personal representative". MCL 700.175; MSA 27.5175; *Wright v Brown,* 317 Mich 561, 570; 27 NW2d 97 (1947); *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App 210, 212; 238 NW2d 806 (1975), *lv den* 396 Mich 864 (1976). Under MCL 700.175, "the same proceedings [may be] taken with regard to those actions as are provided by law in cases where a personal representative is appointed".

It is clear that the Revised Probate Code and Michigan cases authorize a temporary personal representative to commence an action for recovery of estate assets. We also believe that a temporary personal representative may join an action commenced by another interested party, such as the appellant in this case, for recovery of assets which allegedly belong in the estate. In the instant case, however, the appointment of appellee as temporary personal representative forecloses this option. Appellee, a defendant in the circuit court action, lacks the incentive to join the estate as a plaintiff in that action, even if it is necessary to a vigorous pursuit of the interests of the estate.

Appellee argues, and the probate court concluded, that this obvious conflict of interest is of no present significance because there are no assets in the estate other than the possible recovery in circuit court. We disagree with this reasoning. If there is no "good cause" for appointment of an independent temporary personal representative, MCL 700.174, then there is even less cause for appointment of a temporary personal representa-

tive whose interests are possibly inimical to those of the estate. We conclude that the estate's interests would be enhanced by appointment of an independent representative, who would then make a fair assessment of what position the estate should take, if any, in the circuit court matter.

"Conduct frequently mentioned in justification of a fiduciary's removal is his personal claim to money or property alleged by others to be assets of the estate." 31 Am Jur 2d, Executors and Administrators, § 114, p 75 (citations omitted). We believe this is also true where the fiduciary has already obtained assets which others claim belong to the estate. In this case, the temporary personal representative's interests prevent her from making a sound decision (from the point of view of the estate's interests) with respect to the conflicting claims. In contrast, an independent temporary personal representative would be better able to pursue the estate's interest than the other interested party who commenced the circuit court action.

Furthermore, an independent personal representative would have both the motivation and the capacity to obtain documents and other data, unimpeded by self-interest and by the limitations of the discovery rules applicable in the circuit court action. We can visualize a scenario where the plaintiff in the circuit court would seek discovery which the defendant, in her own self-interest, would seek to frustrate. The existence of an independent personal representative would contribute to an elimination of this kind of maneuvering and would clearly eliminate the potential conflict of interest in this situation between the estate and the defendant.

The interests of the estate are paramount. *In re Abramovitz' Estate,* 278 Mich 271, 275; 270 NW

294 (1936). We reverse the probate court's decision and remand for appointment of an independent temporary personal representative.

Reversed and remanded for further proceedings consistent with this opinion.