MAYER v. MAYER.[1]

1. DIVORCE—ALIMONY—DECREE—FINALITY.

A decree for alimony, in a case of divorce a vinculo, made without reservation, either in the decree itself or the statute, of power to amend or modify, although payable in installments, is final, and cannot be changed after enrollment.

2. JUDGMENTS—FOREIGN JUDGMENTS—ACTION—DECREE FOR ALIMONY.

Where a decree for divorce, passed in another State, containing no reservation of power to amend or modify, granted the wife for her support a certain amount per month, to cease upon her death or in case she should marry again, and for the support of the children a certain amount per month until they should arive at majority, and the statutes of the State in which the decree was granted reserve power to the court to modify such decrees with respect to the allowance for children, the decree was final as to the payments due to the wife, and an action for accrued payments was maintainable in our courts; but as to the payments for the children, the decree was not final, being subject to modification in the foreign State, and an action thereon could not be maintained here.

3. DIVORCE — ALIMONY — DECREE — ENFORCEMENT — CONTEMPT — STATUTE.

Act No. 230, Pub. Acts 1899, conferring authority to enforce by proceedings for contempt orders for the payment of alimony "made in any suit for divorce," does not authorize such proceedings in a suit brought in this State to enforce a decree for alimony made by a court in another State.

Appeal from Wayne; Brooke, J. Submitted June 15, 1908. (Docket No. 92.) Decided October 5, 1908.

Bill by Sarah Mayer against Ignatz Mayer to enforce the terms of a decree for divorce. From a decree for complainant, and an order adjudging defendant guilty of contempt for noncompliance with said decree, defendant appeals. Decree modified, and contempt order set aside.

[1] Rehearing denied November 30, 1908.

*Willard E. Warner*, for complainant.

*Frazer, Griswold & Slyfield*, for defendant.

MONTGOMERY, J.　Complainant and defendant were formerly husband and wife.　On the 20th of April, 1896, the district court of the first district of Oklahoma passed a decree dissolving the marriage between the parties, and awarding the custody of five minor children of the parties to the defendant upon the following terms and conditions:

" The said children are to be sent to the public schools during the school year, and said children are not to be sent out to work unless by permission of the court or judge.　The plaintiff is to have the right to visit the said children at their home between the hours of 9 a. m. and 9 p. m. on Wednesdays and Saturdays of each week without interference or molestation from the defendant, the court reserving the right to modify the order in regard to the children at any time."

The decree further adjudged that the complainant should pay to defendant as alimony for the support of herself the sum of $25 per month, payable monthly, such payments to cease on defendant's death or in case defendant should marry again.　The decree then proceeds as follows:

" It is further ordered that the plaintiff pay to the defendant for the support and maintenance of the children the sum of ten dollars per month for each of said children, payable to the defendant monthly, said payments to continue until each of the said children shall have arrived at the age of twenty-one (21) years, or shall have married, or until the further order of the court.　As a condition precedent to the payment of alimony by the plaintiff, the defendant is required to turn over to the plaintiff his books, literary, and professional, also the instruments of his profession now being in the possession of the defendant, also his private papers, pictures, and photographs, and the plaintiff may withhold the payment of said alimony until this order is complied with, the cost of packing and shipping to be paid by the plaintiff."

The complainant, who was the defendant in the divorce proceedings, afterwards removed to New York, and the defendant removed to the city of Detroit, in this State, and complainant later also removed to the city of Detroit and filed the bill in this case, which sets up, in substance, that she has substantially complied with all the terms of the decree on her part, but that the defendant has failed to make payments of the amount of alimony due to complainant of $25 per month, that he has failed to keep up the payments awarded to her for the care and support of the children, and that there is now due on each item a large sum of money. The circuit judge found that there was unpaid to complainant for her support at the date of the decree $1,700.50, and that there was unpaid to complainant of the sums which she was entitled to receive for the support of the children $3,172.34, and gave a decree for the total amount of $4,872.84, payable forthwith. The decree not having been complied with, upon proper proceedings had, the defendant was adjudged guilty of contempt for failure to comply with the decree, and an appeal has been taken to this court from the original decree, and also from the order adjudging the defendant guilty of contempt, and the questions involved in both orders are before the court for determination.

The case presents three questions:

*First.* Whether a decree for alimony made in a court of a sister State, where no reservation of a right to modify the decree appears in the decree itself, and where no such right is conferred upon the court by statute, is such a final determination of the rights of the parties as to create an obligation enforceable in our courts.

*Second.* Whether the award of money for the care and support of the children, as in this case where there is a reservation in the decree of a right to modify or change the order, either in the statute or in the decree itself, is such a final decree or order as is enforceable in the courts of this State.

*Third.* Whether, if such decree is either wholly or in part enforceable within this State, it may be enforced by proceedings as for contempt on the failure of the delinquent to comply with the order of the court in chancery.

The case of *Barber* v. *Barber*, 21 How. (U. S.) 582, affirms the right of a wife under a judicial decree of separation from bed and board who has been awarded alimony by the courts of the State of New York, payable in installments, to maintain a suit in equity in a court of the United States in the State of Wisconsin by her next friend to enforce the payment of such alimony. It was said in the course of the opinion:

"Courts of equity will interfere to compel the payment of alimony which has been decreed to a wife by the ecclesiastical court in England. Such a jurisdiction is ancient there, and the principal reason for its exercise is equally applicable to the courts of equity in the United States. It is that when a court of competent jurisdiction over the subject-matter and the parties decrees a divorce, and alimony to the wife as its incident, and is unable of itself to enforce the decree summarily upon the husband, that courts of equity will interfere to prevent the decree from being defeated by fraud. The interference, however, is limited to cases in which alimony has been decreed. Then only to the extent of what is due, and always to cases in which no appeal is pending from the decree for the divorce or for alimony. * * *

"The parties to a cause for a divorce and for alimony are as much bound by a decree for both, which has been given by one of our State courts having jurisdiction of the subject-matter and over the parties, as the same parties would be if the decree had been given in the ecclesiastical court of England. The decree in both is a judgment of record, and will be received as such by other courts. And such a judgment or decree, rendered in any State of the United States, the court having jurisdiction, will be carried into judgment in any other State, to have there the same binding force that it has in the State in which it was originally given. For such a purpose, both the equity courts of the United States and the same courts of the States have jurisdiction."

This case was cited as an authority in *Dow* v. *Blake*, 148 Ill. 76, and in *Wagner* v. *Wagner*, 26 R. I. 27 (65 L. R. A. 816), and, if the holding be limited to a case in which a final award of alimony has been made in a sister State, with no power reserved in the court, in the decree

itself or inherent in the court under the law, either the common law or the statute law, to modify or amend the decree as to the amount, its authority should be said to remain unshaken.   It will be noticed that, as to the award of alimony to the wife in this case, the decree contains no reservation of authority to subsequently modify the decree. The statute of Oklahoma was introduced in evidence by the defendant, and the only provision which bears upon the power of the court in such cases is as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper." 2 Rev. Stat. Okla. § 4838.

It will be seen that this limits the statutory authority to modify the decree to the subject of the allowance for the support and education of the minor children.   It is contended in the brief of the defendant's counsel that this right exists in a court of equity independent of statute. We do not agree with this contention.   On the contrary, we think the authorities generally sustain the proposition that a decree for alimony in a case of divorce a vinculo, made without reserve, although payable in installments, is final, and cannot be changed after enrollment of the decree.   See *Sampson* v. *Sampson*, 16 R. I. 456 (3 L. R. A. 349); *Livingston* v. *Livingston*, 173 N. Y. 377 (61 L. R. A. 800); *Kamp* v. *Kamp*, 59 N. Y. 220; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456.   In most of the States the power to amend the decree as to alimony is reserved to the court by statute, but in the absence of such reservation of authority, or of a reservation in the decree itself, we think the determination should be treated as final.   We think the decree for the arrears due the wife is within the authority of the court, and should be affirmed. But different considerations control as to that portion of the decree which found in favor of the complainant for the arrears in payments for the support of the minor children.

A well-considered case, which has become a leading case upon this question, is that of *Lynde* v. *Lynde,* reported in 41 App. Div. ( N. Y.) 280, in 162 N. Y. 405 (48 L. R. A. 679), and in 181 U. S. 183. In that case an action was brought in the supreme court of New York to recover upon the final decree of the circuit court in chancery of the State of New Jersey, which New Jersey court had adjudged that the plaintiff was entitled to recover of the defendant $7,840 and a counsel fee of $1,000, and that the defendant should pay to her permanent alimony at the rate of $80 per week from the date of the decree, and to give security for the payment of the several sums directed, etc. On the hearing of this case, the appellate division held that, in so far as the decree of New Jersey adjudged the defendant to be indebted to the plaintiff in a certain sum at the date of its rendition, it was a final adjudication, and entitled as such to recognition in the court of a sister State, established a debt against the defendant, and had extraterritorial value and force. It also found that, so far as the decree made provision for the payment of alimony in the future, it remained subject to the discretion of the chancellor and lacked conclusiveness of character, and recovery was therefore limited to the amount found due at the date of the decree. From this decision both parties appealed to the court of appeals, where, upon a very full discussion of the subject, and a full review of the case of *Barber* v. *Barber,* supra, the court affirmed the judgment. From this decree both parties again appealed to the Supreme Court of the United States. The opinion was delivered by Mr. Justice Gray, and contains the following :

" The decree for the payment of $8,840 was for a fixed sum already due, and the judgment of the court below was properly restricted to that. The provision of the payment for alimony in the future was subject to the discretion of the court of chancery of New Jersey, which might, at any time, alter it, and was not a final judgment for a fixed sum."

The conclusion reached in *Lynde* v. *Lynde* has been followed in *Page* v. *Page*, 189 Mass. 85, in *Israel* v. *Israel*, 148 Fed. 576, 79 C. C. A. 32 (9 L. R. A. [N. S.] 1168), and in *Sistare* v. *Sistare*, 80 Conn. 1, while the authority of the case is questioned in *Wagner* v. *Wagner*, 26 R. I. 27 (65 L. R. A. 816). In speaking of the latter case, the supreme court of Utah, in *Hunt* v. *Monroe*, 32 Utah, 428 (11 L. R. A. [N. S.] 249), says:

"This is the only case decided after the *Lynde Case* * * * which holds to the doctrine that a judgment like the one at bar may be sued on in a sister State before the State court * * * has fixed an absolute sum due and payable at some time prior to the bringing of the action thereon."

So far as our examination has extended, we have also failed to find any other case in which the doctrine of the *Lynde Case* has been either misapprehended or repudiated.

It follows from what we have said that the decree, in so far as it contains an award for the arrears in payments accruing to the defendant for the care and custody of the minor children, should be reversed, without prejudice to the right of the complainant to apply for relief to the court in Oklahoma. See, also, *Nixon* v. *Wright*, 146 Mich. 231.

The remaining question is whether the remedy by proceedings as for contempt is open in this case. In the absence of a statute authorizing attachment for nonpayment of permanent alimony, it has been held in this State that such remedy is not open. See *North* v. *North*, 39 Mich. 67. We have a statute, however, which provides (Act No. 230, Pub. Acts 1899):

"Every court of record shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty * * * in the following cases: * * * The disobedience or refusal to comply with any order of such court for the payment of alimony, either permanent or temporary, made in any suit for divorce."

It is to be noticed that the authority conferred by this statute is limited to suits for divorce. The present suit is not a suit for divorce. It is a suit brought for the purpose of obtaining a money decree based upon a judgment of another State, and does not call upon the court to consider the question of divorce at all. As was said in *Page* v. *Page*, 189 Mass. 85:

"In this Commonwealth the authority to grant alimony is now derived wholly from the statutes. * * * Upon this petition, therefore, we cannot make any inquiry as to the proper amount to be allowed as alimony, nor can the order of the Maine court as to alimony be enforced in any of the ways set forth in our statutes. * * * We can have no part in the matter until the question of amount has been there settled, and even then we cannot make use of the statute proceedings because they are not applicable."

The order adjudging the defendant guilty of contempt will be set aside. The decree below is modified as indicated by this opinion, and the defendant will recover costs of this appeal, to be applied upon the decree awarded complainant.

OSTRANDER HOOKER. MOORE. and McALVAY, JJ., concurred.