GROWE *v.* GROWE.

1. JUDGMENT—FOREIGN COUNTRY—CONSTRUCTION OF STATUTES.
   The term *another State,* as used in statute permitting enforcement of a decree for alimony by courts of this State, is not construed as including a foreign country (CL 1948, § 552.121).

2. STATUTES—CONSTRUCTION.
   A statute will be construed in accordance with the affirmatively and clearly expressed wording contained therein, where the legislature has not provided otherwise.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]  17A Am Jur, Divorce and Separation §§ 959, 978, 979.
[2]  50 Am Jur, Statutes §§ 217, 221–223, 238.
[3]  50 Am Jur, Statutes §§ 238, 343.
[5]  39 Am Jur, Parent and Child §§ 35, 38.
[6]  20 Am Jur 2d, Courts §§ 183, 186.
[7, 8]  30A Am Jur, Judgments § 233.
   16 Am Jur 2d, Conflict of Laws §§ 4–6.
[9]  5 Am Jur 2d, Appeal and Error § 1009.

3. SAME—CONSTRUCTION—EQUITY.

The certain and definite language used in a statute must be construed as it may read, without reference to equitable considerations.

4. JUDGMENT—ENFORCEMENT OF JUDGMENT FOR ALIMONY—STATUTES —OTHER STATES—FOREIGN COUNTRY.

Recovery in this State may not be had on a judgment for alimony rendered by a court in the Province of Ontario, Canada, under statute of this State limiting actions for enforcement of alimony decrees to decrees of other States (CL 1948, § 552.121).

5. PARENT AND CHILD—SUPPORT OF CHILDREN.

The obligation of a mother to care for, support, nourish, and educate her child is as much of a moral obligation upon her as the father, hence, she will not be permitted to recover for doing so simply because the father omits his duty.

6. COURTS—PRECEDENTS—LEGISLATIVE INACTIVITY.

A rule of law relative to support of children that was established by the Supreme Court upwards of 75 years ago, reiterated by the Supreme Court upwards of 45 years ago, and not changed by the legislature will be recognized as controlling recovery, where applicable.

7. ACTION—ENFORCEMENT OF RIGHT OF ACTION—PUBLIC POLICY.

Refusal to enforce a right of action accruing under the laws of any other State or country must be based upon the fact that the right is against good morals or natural justice, or that it would be prejudicial to the general interest of the citizens of the State of the forum, the mere fact that a statute might differ from the law of the forum not necessarily making enforcement contrary to the public policy of the State.

8. JUDGMENT—FOREIGN COUNTRY—COMITY—DUE PROCESS.

The requirements for proper application of comity are satisfied with respect to the enforcement in this State of a judgment of a court of the Province of Ontario, Canada, where it appears that the basic rudiments of due process were followed in that the parties were present in court, a hearing on the merits was had, and judgment for alimony is not subject to modification of arrears or increase under Canadian law, and no cogent reason for nonenforcement of the decree is presented.

9. COSTS—PUBLIC QUESTION—ENFORCEMENT OF ONTARIO JUDGMENT FOR ALIMONY.

No costs are allowed in action presenting a novel question as to enforcement of a judgment for alimony of a court of the Province of Ontario, Canada, a public question being involved.

Appeal from Wayne; Montante (James) and Gilmore (Horace W.), JJ.   Submitted Division 1 October 6, 1965, at Detroit.   (Docket No. 292.)   Decided December 20, 1965.   Rehearing denied January 28, 1966.   Leave to appeal denied by Supreme Court April 26, 1966.   See 377 Mich 708.

Declaration by Helen Growe against Joseph Louis Growe to enforce a judgment for alimony entered by the supreme court of the Province of Ontario.   Defendant's motion to dismiss granted, with leave for plaintiff to amend.   Plaintiff amended complaint to seek reimbursement of moneys expended for supporting herself and her children.   Partial judgment for plaintiff.   Defendant appeals.   Reversed and remanded for proceedings to enforce the foreign alimony judgment.

*Matheny, Schureman & Frakes* (*John C. Frakes, Jr.*, of counsel), for plaintiff.

*Capizzi, Valenti & Kwetcher* (*Roland L. Olzark*, of counsel), for defendant.

FITZGERALD, J.   Helen Growe began an action for alimony in the supreme court of Ontario against her husband Joseph Growe in 1955, charging desertion. Ontario law provides actions for divorce, for annulment, and for alimony; and it was the latter action chosen by the plaintiff.

On November 30, 1955, a judgment for alimony, custody of minor children, and maintenance of minor children was rendered by the supreme court of Ontario in favor of Helen Growe.   Provision of the judgment was that defendant pay to plaintiff $25 per week for the maintenance of the three minor children and to pay the plaintiff wife $20 a week alimony during the lifetime of the parties so long as they lived apart.   It should be noted that this was not a

divorce, but a judgment for alimony under Ontario law (the judicature act, Revised Statutes of Ontario 1960, chap 197, § 2).

Subsequently, defendant left Canada, secured a Nevada divorce, and at the time of this action was a resident of Wayne county. Plaintiff remained in Ontario with the children.

The action before us was begun in 1961 in Wayne county circuit court, claiming that there was due the sum of $4,757.83 on the Canadian judgment, covering a period from 1955 to the institution of suit. Plaintiff's bill of particulars credited defendant with $7,752.17 received from him during the period, of the total amount of $12,510 claimed due during the period.

Defendant in his answer challenged the jurisdiction of the court and disputed the amount claimed.

In 1963, following trial, the Honorable James Montante entered findings of fact and conclusions of law as follows:

### FINDINGS OF FACT.

"Plaintiff, Helen Growe, seeks to recover accrued instalments allegedly due under an Ontario alimony order or judgment, providing payment of weekly instalments for the support of plaintiff and their minor children dated December 27, 1955."

### CONCLUSIONS OF LAW.

"Judgment of dismissal be entered in said cause. Plaintiff is allowed 30 days to file an amended declaration."

The basis for denying recovery on the original complaint was the court's interpretation of CL 1948, § 552.121 (Stat Ann 1957 Rev § 25.141) which was the basis of the suit and which reads as follows:

"In all cases where a decree for alimony has been rendered in another State in a case where the party

against whom the decree was rendered was present in court or was personally served with process within the jurisdiction of the court, the alimony decree upon the final hearing may be recovered in an action at law in this State, regardless of whether the same is decreed to be paid in one payment or in instalments from time to time."

The substance of the decision was that prior to the enactment of this statute in 1911, it had been held by the Michigan Supreme Court in *Nixon* v. *Wright* (1906), 146 Mich 231 (10 Ann Cas 547) and *Mayer* v. *Mayer* (1908), 154 Mich 386 (19 LRA [NS] 245, 129 Am St Rep 472), that an action could not be founded upon an alimony judgment of another State because the judgment was not a final one, but was subject to modification in the State originally issuing it. Holding that "another State" in the foregoing statute meant only "sister State" and was not intended by the legislature to include foreign countries, the Court stated that recovery was not to be had under this provision of Michigan law.

Continuing, the Court stated that it did not believe that plaintiff was without a remedy and that the court could entertain a proceeding brought by a wife to obtain reimbursement from her husband for moneys advanced by her for the support of herself and her children, crediting the husband with any money she may have received from him.

Thirty days was given to plaintiff to amend her pleadings, seeking recovery, not on the statutory basis of the alimony judgment, but on the basis of seeking reimbursement for the support of herself and her children.

Plaintiff subsequently amended her complaint claiming a total of $32,062.44 expended over the years and covering such items as mortgage payments, utilities, food, medical and dental expenses,

clothing, transportation, and miscellaneous expenses.

Defendant filed a motion declaring the amended complaint failed to set forth a cause of action.

The matter, then heard before the Honorable Horace Gilmore, resulted in an opinion stating,

"The court feels that the plaintiff should be allowed to maintain her action, whether it be upon the theory of reimbursement for the expenditures made for the support of the children or under CL 1948, § 552.121 (Stat Ann 1957 Rev § 25.141)."

In October, 1964, after hearing, a partial summary judgment was entered by Judge Gilmore declaring defendant was liable for the support and maintenance of plaintiff and the minor children and that damages be determined at a later date following testimony.

Thereafter, defendant filed this appeal from the order.

We are met here with a matter of first impression in Michigan, and indeed of most of the jurisdictions of the United States. Before us also are the opinions of two eminent jurists of equal jurisdiction, those opinions themselves being at variance.

We are first asked to interpret the statute previously cited wherein the term, "another State" is used, to include "or foreign country". We are convinced that this statute does not handily lend itself to this construction.

The net effect of this statute, enacted as it admittedly was, to correct inequities arising from *Mayer, supra,* is to allow an action based on a judgment of alimony from another State, not foreign countries.

In *City of Lansing* v. *Township of Lansing* (1959), 356 Mich 641, the Court stated (p 650), "Nowhere in the statute under consideration did the legisla-

ture, by words or any other manner, provide for a different rule of construction or express an intention to apply any other ratio than the one affirmatively and clearly expressed in the wording of the statute." We think that this reasoning applies with no less force here.

In a case where the equitable considerations are no less appealing than the instant case, *Mercy Hospital* v. *Crippled Children Commission* (1954), 340 Mich 404, it is stated that (p 408) "The language used is certain and definite. It is the duty of the courts to construe it as it read, without reference to equitable considerations."

Accordingly, plaintiff may not recover under our interpretation of CL 1948, § 552.121 *et seq.* (Stat Ann 1957 Rev § 25.141 *et seq.*), which limits actions to decrees of "other States," in view of the original decree coming, as it did, from Ontario.

On plaintiff's second contention that an action may lie for moneys expended by plaintiff on behalf of the children and herself, we are led inexorably to the conclusion that no cause of action was stated by the amended complaint, under *Lapworth* v. *Leach* (1889), 79 Mich 16, and *In re Stephenson's Estate* (1921), 216 Mich 320.

So emphatic was *Stephenson* that in reiterating *Lapworth,* it was said (pp 322, 323), " 'The mother is as much morally bound to care for, support, nourish, and educate her child as the father, and the law will not allow her to recover for so doing simply because the father omits his duty.' * * * The law was settled for this State by the *Lapworth Case.* That case will not be overruled."

To such a mandate as this we must defer, recognizing that the legislature has had an opportunity to act on this subject every year since *Lapworth* was decided and has chosen not so to do.

One last avenue of assistance remains open to plaintiff: the principle of comity. Faced as we are here with a judgment from a court of competent jurisdiction which lies but the breadth of a river from the instant court, closer, indeed, than most of the remaining 49 States, and a court which draws its concepts of law from the same roots as ours, comity supplies a rational and well-founded reason for affording relief to this plaintiff. Any appellate court faced with the compelling elements this Court finds before it would be derelict if it did not examine minutely this burgeoning concept of jurisprudence. Comity, admittedly, is a field surrounded by a special mystique, and not readily amenable to definition.

The Supreme Court of Michigan has had little opportunity to deal with the gross concept of comity, though the interpretation and enforcement of foreign statutory law has come before it on occasion through the years. Nevertheless, though sometimes speaking *obiter dictum,* we believe that there is sufficient indicia before us to determine the attitudes of the Michigan appellate bench over the years.

In *Rick* v. *Saginaw Bay Towing Co.* (1903), 132 Mich 237, in holding that Canadian law governed the rights of an injured plaintiff, the Court said (p 240):

"The tendency of the modern decisions is to hold that, before the court of any State is justified in refusing to enforce a right of action accruing under the laws of any other State or country, it must appear that such right is against good morals or natural justice, or that for some other reason an enforcement of it would be prejudicial to the general interest of the citizens of the State of the forum, and that it does not follow that, because the statute differs from the law of the forum, it is contrary to

the public policy of the State, within the meaning of this rule."

It was in the aforementioned case that an Ontario statute was examined. In *Kaiser* v. *North* (1939), 292 Mich 49, Ontario's guest passenger act which denied a right of action against a motorist for injuries sustained while riding as a guest passenger was held not to be class legislation and not to contravene the public policy of this State.

Quoting Justice Cardozo in *Loucks* v. *Standard Oil Company of New York* (1918), 224 NY 99 (120 NE 198), the Court in *Kaiser* said, " 'We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home.' "

It could be said that interpretation of a foreign statute versus enforcement of a foreign judgment are two different things, but we do not find this argument persuasive. True, the statute is before us for all to see, but the foreign judgment contains more. A review of the judgment will indicate whether or not the basic rudiments of due process were followed, whether the parties were present in court, whether a hearing on the merits was had.

These elements were present when the case of Helen Growe *v.* Joseph Louis Growe was heard in the Supreme Court of Ontario. The requirements for proper application of comity are satisfied.

A valid judgment from an Ontario court of competent jurisdiction presents to us a more compelling recognition of comity since the fact situation is settled, than does a statute which must be molded to a new set of facts arising in a Michigan court.

In applying comity, however, we are met with the argument that the principle of *Mayer* v. *Mayer, supra,* still applies, in that the judgment before us is

not "final" but is open "until this Court shall otherwise order," to quote the judgment before us.

One essential difference, however, sweeps away the objection that the Growe judgment is controlled by *Mayer*. Canadian law, it appears, does not permit discharge nor modification of arrears in alimony.

In *Knox* v. *Knox*, [1942] OWN 462, the Ontario High Court of Justice, in ruling on a motion by defendant for an order, *inter alia*, discharging arrears in alimony, said (pp 462–464):

"There can be no doubt that any judgment for alimony contemplates that it shall be subject to further order, and it would appear on a simple construction that the wording of the section (dealing with jurisdiction in alimony actions) is sufficiently broad to include an order modifying or even discharging arrears. * * *

"However, it is now drawn to my attention that the Court of Appeal has, early in the current month, in an unreported case of *Alabaster* v. *Alabaster*,* decided otherwise. No doubt there is a great deal to be said in favour of the proposition that arrears of alimony which have accrued are in an entirely different position from installments still to accrue. Arrears may be said to have crystallized under the judgment."

In the case of *M* v. *M*, [1947] OWN 474 (3 DLR [1947] 74), wherein plaintiff sought to increase alimony and maintenance, the court commented on the *Knox Case*, stating (p 475), "It was decided in *Knox* v. *Knox*, that the Court has no jurisdiction to modify arrears of alimony, and if that is so, surely there can be no power to increase the amount

---

* *Alabaster* v. *Alabaster*, an appeal from an order of Rose C. J. H.C., was heard by a Court composed of Latchford C.J.A. and Riddell and Henderson JJ.A. on the 7th February 1936. The appeal was dismissed without written reasons.

of any payment which has accrued due but has not been paid."

A fair reading of these cases convinces us that the moneys now due under the alimony judgment in *Growe* v. *Growe* could not be altered in any way by the Ontario courts. Consequently, the entire rationale of *Mayer* is obviated and there is no cogent reason why the Growe judgment cannot be enforced in a Michigan court under the principle of comity. The money in question is now a sum certain that cannot be tampered with by the court issuing the judgment.

Accordingly, we hold that the instant judgment may be the proper object of an action in the courts of Michigan, with the *caveat,* however, that any such judgment must stand or fall upon a finding of the protection of the rights of the parties who were parties to the previous litigation producing that judgment. We are not flinging open the doors of Michigan's courtrooms to indiscriminate enforcement of any foreign judgment which may come their way, but rather, applying comity to the judgment before us which appears not to offend our laws, disadvantage our citizens, flout our public policy, nor indeed provide any cogent reason for nonenforcement in our courts.

Reversed. Remanded for proceedings to enforce the foreign alimony judgment. No costs, a public question being involved.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.