BANG v PARK

Docket No. 53738. Submitted December 3, 1981, at Grand Rapids.—
Decided May 4, 1982.

Plaintiff, Jeong Suk Bang, a resident of Chungmu, Korea, is the
former wife of defendant, Joon Hong Park, now a resident of
Grand Blanc, Michigan. Two sons were born of the parties'
marriage. They were divorced in 1964, in Pusan, Korea. Defen-
dant was ordered to pay plaintiff, over a period of time, the
sum of $50,000, part of which was for "solatium". When defen-
dant defaulted, plaintiff filed a complaint for a money judgment
in the sum of $45,100, plus interest, costs and attorney fees,
and for equitable relief in the Genesee Circuit Court. Defendant
filed a motion for summary judgment. The court, Ollie B.
Bivins, Jr., J., granted summary judgment for defendant, hold-
ing that the Korean judgment sued upon was for support in a
matrimonial or family matter and not enforceable under the
Uniform Foreign Money-Judgments Recognition Act. Plaintiff
appealed. *Held:*

Foreign divorce judgments may be enforceable in Michigan
under the principles of comity.

Reversed and remanded with instructions.

1. DIVORCE — FOREIGN JUDGMENTS — FULL FAITH AND CREDIT —
COMITY.

The full faith and credit clause of the United States Constitution
does not apply to divorces obtained in another country; how-
ever, foreign judgments may be recognized under the doctrine
of comity.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Conflict of Laws § 10.
24 Am Jur 2d, Divorce and Separation §§ 948, 964, 967.
46 Am Jur 2d, Judgments § 905.
47 Am Jur 2d, Judgments §§ 1215, 1216.
Domestic recognition of divorce decree obtained in foreign country
and attacked for lack of domicil or jurisdiction or parties. 13
ALR3d 1419.
Valid judgment of court of foreign country as entitled to intraterri-
torial effect in district court. 14 ALR Fed 208.

2. JUDGMENTS — COMITY.

> Comity is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws.

*Richard J. Figura,* for plaintiff.

*Dean, Dean, Seger, Hart & Shulman, P.C.,* for defendant.

Before: BEASLEY, P.J., and M. F. CAVANAGH and M. B. BREIGHNER,* JJ.

BEASLEY, P.J. Plaintiff, Jeong Suk Bang, a resident of Chungmu, Korea, is the former wife of defendant, Joon Hong Park, now a resident of Grand Blanc, Michigan. Their 1950 marriage was dissolved by divorce in 1964, in Pusan, Korea, in which defendant was ordered to pay plaintiff the sum of $50,000 over a period of time, part of which was for "solatium". When defendant defaulted, plaintiff filed a complaint for a money judgment in the sum of $45,100, plus interest, costs and attorney fees, and for equitable relief in the Genesee County Circuit Court, which proceeding was commenced in September, 1973. After extended delays, defendant filed a motion for summary judgment in 1978. Two sons were born of the parties' marriage, one on March 3, 1951, and the other on September 5, 1958. Eventually, on May 28, 1980, the trial court granted summary judgment, stating:

"* * * the court finds and concludes that the word 'solatium' as used by the courts in stating that 'solatium' will be allowed, means 'a compensation as a soothing to the affections, or wounded feelings, and for loss of the comfort and social pleasure there is in an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

association between members of a family. Since 'solatium' is sentiment, love or affection as distinguished from a property loss, and, as such, it is the very thing the law says will not be allowed.

"The court further finds and concludes that the complaint filed herein is judgment for support in a matrimonial or family matter. Therefore, it is the order of the court that defendant Joon Hong Park's motion for summary judgment is hereby granted, pursuant to *Marshall v Consolidated Jack Mines Co,* 95 SW 972; MSA 27.955(1) sub sec b."

In so ruling, the trial court did not address the issue of comity, which had been raised by plaintiff in her answer to the motion for summary judgment. Later, after oral argument, the trial court indicated that it had given consideration to both the Uniform Foreign Money-Judgments Recognition Act[1] [UFMJRA] issue and the comity issue.

Plaintiff appeals as of right, raising two general issues.

First, plaintiff argues that the portion of the Korean judgment that is for "solatium" is not a judgment for support and, therefore, is eligible to be enforced under the UFMJRA. The exclusionary language of the UFMJRA is as follows:

"(b) 'Foreign judgment' means any judgment of a foreign state granting or denying recovery of a sum of money, other than * * * a judgment for support in matrimonial or family matters." MCL 691.1151(b); MSA 27.955(1)(b).

The parties agree that the Korean judgment involves a family or matrimonial matter such as would be excluded under the UFMJRA. It should be remembered that the base provision of the

---

[1] MCL 691.1151 *et seq.;* MSA 27.955(1) *et seq.*

UFMJRA is that a foreign judgment is enforceable in the same manner as the judgment of a sister state, which is entitled to full faith and credit.

Plaintiff claims that solatium is not support, but is a form or type of damages. Plaintiff would concede that solatium is a little used term or concept in domestic jurisprudence, but cites various cases to show that it has a long history of existence as a type of damages going to bereavement, grief, mental suffering, anguish, injury to feelings, distress, loss of companionship, loss of society ánd loss of affection.

Plaintiff distinguishes solatium from support, pointing out that the latter is subject to modification, depending upon the needs of the parties and the ability to pay, while the former is a fixed amount established in the judgment and recoverable as any money judgment. Part of plaintiff's point is that support is continuing and changeable and, therefore, cannot meet the requirement of "final and conclusive" under § 2 of the UFMJRA.

Defendant says that there is a possibility that an enforceable, final, conclusive judgment for a defined solatium could be drafted, but that the judgment in this case is positively incapable of any construction that would isolate solatium from the support factors, pointing specifically to the language "fostering, education and solatium". Defendant says that in the Korean judgment the word "solatium" is only used in connection with the words "fostering" and "education" and that, therefore, it is excluded from the UFMJRA because it is a matrimonial or support award.

In general, solatium refers to money damages for a nonpecuniary loss. The term "solatium" is used mainly in wrongful death actions to refer to damages for grief and mental anguish, emotional

pain and suffering, loss of society and companionship and so forth.[2]

Defendant does not claim that the word solatium has a different meaning in Korea than in the United States. Neither does he claim that the English translation of the Korean decree is incorrect. We are inclined to agree with defendant that the solatium provisions of the Korean divorce judgment are so intermixed with the support and matrimonial provisions that the UFMJRA does not apply; that is, the Korean judgment, including the solatium provisions, falls within the exclusion of the UFMJRA statute.

However, this does not mean that plaintiff's case must be thrown out. Neither does it mean that the Korean judgment is unenforceable in the United States. Rather, it only means that the Korean judgment is not enforceable under the UFMJRA. We note that § 7 of the UFMJRA specifically states that the act does not prevent recognition of foreign judgments in situations not covered therein.

In *Growe v Growe*,[3] we held that a Canadian alimony judgment may be enforced in Michigan under principles of comity. Among other things, this Court said:

"Faced as we are here with a judgment from a court of competent jurisdiction which lies but the breadth of a river from the instant court, closer, indeed, than most of the remaining 49 States, and a court which draws its concepts of law from the same roots as ours, comity supplies a rational and well-founded reason for affording relief to this plaintiff. Any appellate court faced

---

[2] See *Courtney v Apple,* 345 Mich 223, 235; 76 NW2d 80 (1956); *Wycko v Gnodtke,* 361 Mich 331, 350; 105 NW2d 118 (1960) (Justice CARR, *dissenting); French v Mitchell,* 377 Mich 364, 377; 140 NW2d 426 (1966).

[3] 2 Mich App 25; 138 NW2d 537 (1965).

with the compelling elements this Court finds before it would be derelict if it did not examine minutely this burgeoning concept of jurisprudence. Comity, admittedly, is a field surrounded by a special mystique, and not readily amenable to definition."[4]

The full faith and credit clause of the United States Constitution does not apply to divorces obtained in another country. United States courts are not required by federal law to give full force and effect to a judgment granted in another country,[5] but foreign judgments may be recognized under the doctrine of comity, as indicated in *Growe, supra.*

Comity is defined as the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws.[6]

It should be noted that in *Growe, supra,* the alimony which had accrued was not modifiable nor dischargeable, except by satisfaction, under Ontario law. In *Wolff v Wolff,*[7] a Maryland court held that alimony provisions of an English divorce decree were entitled to recognition in Maryland under general principles of comity. On the other hand, in *Nardi v Segal,*[8] an Illinois court held that an action could not be maintained in Illinois for arrearages of child support based on an Israeli decree. The reasoning behind this conclusion was

---

[4] *Growe,* 2 Mich App 25, 32.

[5] *Hilton v Guyot,* 159 US 113; 16 S Ct 139; 40 L Ed 95 (1895).

[6] 16 Am Jur 2d, Conflict of Laws, § 10, pp 27-29.

[7] 40 Md App 168; 389 A2d 413 (1978), *aff'd* 285 Md 185; 401 A2d 479 (1979).

[8] 90 Ill App 2d 432; 234 NE2d 805 (1967).

that the jurisdiction of the court in divorce matters depends solely on statute, rather than upon general equity powers. Illinois then proceeded to hold that since UFMJRA excludes matrimonial or family matters, there is no statutory provision conferring power to enforce a foreign judgment for child support.

We hold that *Nardi* is distinguishable and that *Growe, supra,* represents prevailing Michigan law, namely, that foreign support provisions may be enforced under general principles of comity. In view of this, we remand this case to the trial court for appropriate further proceedings consistent with this opinion, which would appear to include granting plaintiff an opportunity to amend her complaint and to have an evidentiary hearing to decide whether or not principles of comity apply.

Reversed and remanded.